**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| **JOHNSON CONTROLS TECHNOLOGY COMPANY**, a Michigan corporation, | |
| **Plaintiff,** | Case No. _____ |
| **v.** | |
| **KREUTER MANUFACTURING CO., INC. d/b/a KMC CONTROLS, INC.,** an Indiana corporation, | |
| **Defendant.** | |

**COMPLAINT FOR PATENT
INFRINGEMENT AND JURY DEMAND**



Plaintiff Johnson Controls Technology Company, by and through its undersigned counsel, for its Complaint herein against Defendant, Kreuter Manufacturing Co., Inc. d/b/a KMC Controls, Inc., alleges as follows:

## I.    NATURE OF THE ACTION

1.    This is an action for infringement of United States Patent Nos. 11,022,332 ("the '332 patent"), 10,684,029 ("the '029 patent"), 10,528,013 ("the '013 patent"), 8,826,165 ("the '165 patent"), 8,190,728 ("the '728 patent"), D788,785 ("the '785 patent"), D924,888 ("the '888 patent"), and D924,890 ("the '890 patent") (collectively, "Asserted Patents"), under the Patent Act, 35 U.S.C. § 271, based on Defendant's unauthorized manufacture, use, offer for sale, and/or sale in the United States, and/or importation into the United States of at least the KMC TotalControl software suite, the KMC Conquest line of controllers, the KMC ConnectLite software application, the KMC Commander automation platform, and the KMC Commander gateway devices (collectively, the "Accused Products") and its acts that induce and/or contribute to the use of the Accused Products.

## II.    THE PARTIES

2.    Plaintiff Johnson Controls Technology Company ("JCTC") is a Michigan corporation having a place of business at 40600 Ann Arbor Road, Suite 201, Plymouth, Michigan 48170.



3.      Upon information and belief, Defendant Kreuter Manufacturing Co., Inc. is an Indiana corporation with its principal place of business at 19476 Industrial Drive, New Paris, Indiana 46553.

4.      Upon information and belief, Defendant Kreuter Manufacturing Co., Inc. has for a number of years conducted business under the assumed name of KMC Controls, Inc. Within the remainder of this complaint, Defendant Kreuter Manufacturing Co., Inc. is referred to as KMC Controls, Inc. or as simply "KMC."

### III.    JURISDICTION AND VENUE

5.      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code.  The subject matter jurisdiction for this Court is founded upon 28 U.S.C. § 1338 (patents) and 28 U.S.C. § 1331 (federal question).

6.      Upon information and belief, KMC is subject to this Court's jurisdiction because KMC continuously engages in substantial sales and other business transactions in this District and thereby maintains continuous and systematic contacts with this District.  KMC has sold infringing products, imported infringing products and/or committed infringing acts in this District.  Furthermore, KMC is incorporated under the laws of the State of Indiana and its headquarters and principal place of business is located in in this District.  The United States District Court for the Northern District of Indiana therefore has *in personam* jurisdiction over KMC.



2

7.     Venue is proper in this District as to KMC under 28 U.S.C. § 1391 and 28 U.S.C. § 1400 because KMC is a corporation organized and existing under the laws of the of the state of Indiana and is subject to personal jurisdiction in this judicial district.

## IV.    THE INFRINGED PATENTS

8.     On June 1, 2021, the USPTO duly and legally issued U.S. Patent No. 11,022,332 ("the '332 patent"), titled "Systems and Methods for Configuring and Communicating with HVAC Devices."  A true and correct copy of U.S. Patent No. 11,022,332 is attached as Exhibit A.

9.     On June 16, 2020, the USPTO duly and legally issued U.S. Patent No. 10,684,029 ("the '029 patent"), titled "Systems and Methods for Configuring and Communicating with HVAC Devices."  A true and correct copy of U.S. Patent No. 10,684,029 is attached as Exhibit B.

10.    On January 7, 2020, the USPTO duly and legally issued U.S. Patent No. 10,528,013 ("the '013 patent"), titled "Systems and Methods for Interfacing with a Building Management System."  A true and correct copy of U.S. Patent No. 10,528,013 is attached as Exhibit C.

11.    On September 2, 2014, the USPTO duly and legally issued U.S. Patent No. 8,826,165 ("the '165 patent"), titled "System Status User Interfaces."  A true and correct copy of U.S. Patent No. 8,826,165 is attached as Exhibit D.

12.    On May 29, 2012, the U.S. Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 8,190,728 ("the '728 patent"), titled



3

"Building Automation Systems and Devices."  A true and correct copy of U.S. Patent No. 8,190,728 is attached as Exhibit E.

13.     On June 6, 2017, the USPTO duly and legally issued U.S. Design Patent No. D788,785 ("the '785 patent"), titled "Display Having a Graphical User Interface."  A true and correct copy of U.S. Design Patent No. D788,785 is attached as Exhibit F.

14.     On July 13, 2021, the USPTO duly and legally issued U.S. Design Patent No. D924,888 ("the '888 patent"), titled "Display Screen With A Graphical User Interface."  A true and correct copy of U.S. Design Patent No. D924,888 is attached as Exhibit G.

15.     On July 13, 2021, the USPTO duly and legally issued U.S. Design Patent No. D924,890 ("the '890 patent"), titled "Display Having A Graphical User Interface."  A true and correct copy of U.S. Design Patent No. D924,890 is attached as Exhibit H.

16.     JCTC is the owner of all right, title, and interest in the '332, '029, '013, '165, '728, '785, '888, and '890 patents (hereinafter the "Patents-in-Suit"), including the right to recover for all infringements thereof.

17.     The claims of each of the Patents-in-Suit are directed to inventive devices, systems, functionality, methods, and designs that embody specific improvements over the prior art.  The claimed designs, devices and/or methods are neither abstract nor routine, and are non-obvious and unconventional.



4

## V.    BACKGROUND

18.     JCTC's parent company, Johnson Controls International, plc ("JCI"), has been a leader in the field of building and energy management systems since it was founded in 1885 as Johnson Electric Services Company—two years after its founder, Warren Johnson, first patented an electric room thermostat. As a result of its over 130 years of innovation, JCI has a leading portfolio of building technology and solutions that transform and enhance the environments where people live, work, learn, and play.

19.     Since its founding, JCI has made significant investments in the engineering, design, and development of building and energy management systems and technologies and has secured patent protection for its innovations.

20.     Today, JCI remains an industry and market leader. JCTC, as JCI's technology holding company, holds hundreds of issued U.S. patents related to various technologies including building automation, energy optimization, and similar technologies.

## VI.    ACTIONS GIVING RISE TO THE COMPLAINT

21.     JCI, including its technology holding company JCTC, and KMC are competitors in the field of building management systems, HVAC systems, and related technological solutions.

22.     KMC manufactures, imports, offers for sale, uses, and sells devices, systems, and software and practices associated methods, that infringe claims of the



Patents-in-Suit.   KMC also provides its customers with instructions, product information, and technical information, which instruct its customers to use its devices, systems, and software in infringing ways.

23.     On July 14, 2020, JCI and JCTC sent email correspondence to KMC's CEO, Mr. Richard Newberry ("July 14, 2020 communication"), providing actual notice of KMC's infringement of JCTC's '029, '165, '728, and '785 patents. KMC responded via email correspondence on July 22, 2020.   KMC thereafter continued its infringement of the Patents-in-Suit.

## VII.   COUNT I – INFRINGEMENT OF U.S. PATENT NO. 11,022,332

24.     JCTC repeats and re-alleges the allegations contained in Paragraphs 1-23 above as if fully set forth herein.

25.     JCTC is the assignee and owner of all right, title, and interest in the '332 patent and JCTC has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

26.     The '332 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

27.     Upon information and belief, KMC—and/or KMC's distributors or resellers—has made, used, offered for sale, imported and sold in the United States, and continues to make, use, offer for sale, and sell in the United States the KMC Conquest line of controllers operable with the KMC ConnectLite software application.   KMC's activities infringe, induce others to infringe, and/or contributorily infringe at least claim 28 of the '332 patent.   These activities include



providing the KMC Conquest line of controllers operable with the KMC ConnectLite software application to customers and instructing customers regarding their use.

28.   A claim chart comparing the claim elements of claim 28 of the '332 patent to KMC's Conquest line of controllers and its ConnectLite software application is attached as Exhibit I.

29.   KMC was notified of its infringement of the '332 patent by the filing of this Complaint.

30.   Upon information and belief, KMC has had knowledge of the '332 patent since prior to the filing of this Complaint.  Alternatively, if KMC asserts that it had no knowledge of the '332 patent prior to the filing of this Complaint, KMC may have been willfully blind to a competitor's patent rights.

31.   With knowledge of the '332 patent, KMC continues to infringe the '332 patent.

32.   It is reasonable to infer based on the facts set forth above in Paragraphs 21-23 above as well as KMC's knowledge of the related '029 patent, that KMC's conduct has been willful, wanton and deliberate.  It is also reasonable to infer from these facts that KMC's actions have been objectively reckless.  The actions of KMC with regard to infringement of the '332 patent are willful such that JCTC is entitled to treble damages under 35 U.S.C. § 284.

33.   JCTC has suffered damages as a result of the infringing activities of KMC and will continue to suffer such damages as long as those infringing activities continue.



34. JCTC has no adequate remedy at law. Unless enjoined by this Court, KMC will continue such acts of infringement, causing JCTC to incur substantial and irreparable damage.

## VIII. COUNT II – INFRINGEMENT OF U.S. PATENT NO. 10,684,029

35. JCTC repeats and re-alleges the allegations contained in Paragraphs 1-34 above as if fully set forth herein.

36. JCTC is the assignee and owner of all right, title, and interest in the '029 patent and JCTC has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

37. The '029 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

38. Upon information and belief, KMC—and/or KMC's distributors or resellers—has made, used, offered for sale, imported and sold in the United States, and continues to make, use, offer for sale, and sell in the United States the KMC Conquest line of controllers operable with the KMC ConnectLite software application. KMC's activities infringe, induce others to infringe, and/or contributorily infringe at least claim 1 of the '029 patent. These activities include providing the KMC Conquest line of controllers operable with the ConnectLite software application to customers and instructing customers regarding their use.

39. A claim chart comparing the claim elements of claim 1 of the '029 patent to KMC's Conquest line of controllers operable with its ConnectLite software application is attached as Exhibit J.



40.     KMC was notified of its infringement of the '029 patent at least as early as July 14, 2020 when it received JCTC's July 14, 2020 communication. KMC was again notified of its infringement of the '029 patent by the filing of this Complaint.

41.     KMC has had knowledge of the '029 patent since at least July 14, 2020 when it received JCTC's July 14, 2020 communication.

42.     Upon information and belief, and based on the facts alleged above in Paragraphs 21-23, it is reasonable to infer that KMC has had knowledge of the '029 patent since prior to JCTC's July 14, 2020 communication.  Alternatively, if KMC asserts that it had no knowledge of the '029 patent prior to the filing of this Complaint and/or receipt of JCTC's July 14, 2020 communication, KMC may have been willfully blind to a competitor's patent rights.

43.     With knowledge of the '029 patent, KMC continues to infringe the '029 patent.

44.     It is reasonable to infer based on the facts set forth above in Paragraphs 21-23 above, that KMC's conduct has been willful, wanton and deliberate.  It is also reasonable to infer from these facts that KMC's actions have been objectively reckless.  The actions of KMC with regard to infringement of the '029 patent are willful such that JCTC is entitled to treble damages under 35 U.S.C. § 284.

45.     JCTC has suffered damages as a result of the infringing activities of KMC and will continue to suffer such damages as long as those infringing activities continue.



46.     JCTC has no adequate remedy at law.  Unless enjoined by this Court, KMC will continue such acts of infringement, causing JCTC to incur substantial and irreparable damage.

## IX.    COUNT III – INFRINGEMENT OF U.S. PATENT NO. 10,528,013

47.     JCTC repeats and re-alleges the allegations contained in Paragraphs 1-46 above as if fully set forth herein.

48.     JCTC is the assignee and owner of all right, title, and interest in the '013 patent and JCTC has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

49.     The '013 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

50.     Upon information and belief, KMC—and/or KMC's distributors or resellers—has made, used, offered for sale, imported and sold in the United States, and continues to make, use, offer for sale, and sell in the United States the KMC TotalControl software suite.  KMC's activities infringe, induce others to infringe, and/or contributorily infringe at least claim 1 of the '013 patent.  These activities include providing the KMC TotalControl software to customers and instructing customers regarding use of the software.

51.     A claim chart comparing the claim elements of claim 1 of the '013 patent to KMC's TotalControl software is attached as Exhibit K.

52.     KMC was notified of its infringement of the '013 patent by the filing of this Complaint.



53.     Upon information and belief, KMC has had knowledge of the '013 patent since prior to the Complaint.  Alternatively, if KMC asserts that it had no knowledge of the '013 patent prior to the filing of this Complaint, KMC may have been willfully blind to a competitor's patent rights.

54.     With knowledge of the '013 patent, KMC continues to infringe the '013 patent.

55.     It is reasonable to infer based on the facts set forth above in Paragraphs 21-23 above, that KMC's conduct has been willful, wanton and deliberate.  It is also reasonable to infer from these facts that KMC's actions have been objectively reckless.  The actions of KMC with regard to infringement of the '013 patent are willful such that JCTC is entitled to treble damages under 35 U.S.C. § 284.

56.     JCTC has suffered damages as a result of the infringing activities of KMC and will continue to suffer such damages as long as those infringing activities continue.

57.     JCTC has no adequate remedy at law.  Unless enjoined by this Court, KMC will continue such acts of infringement, causing JCTC to incur substantial and irreparable damage.

## X.     COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 8,826,165

58.     JCTC repeats and re-alleges the allegations contained in Paragraphs 1-57 above as if fully set forth herein.



59.     JCTC is the assignee and owner of all right, title, and interest in the '165 patent and JCTC has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

60.     The '165 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

61.     Upon information and belief, KMC—and/or KMC's distributors or resellers—has made, used, offered for sale, imported and sold in the United States, and continues to make, use, offer for sale, and sell in the United States the KMC TotalControl software suite.  KMC's activities infringe, induce others to infringe, and/or contributorily infringe at least claim 10 of the '165 patent.  These activities include providing the KMC TotalControl software suite to customers and instructing customers regarding use of the software.

62.     A claim chart comparing the claim elements of claim 10 of the '165 patent to KMC's TotalControl software is attached as Exhibit L.

63.     KMC was notified of its infringement of the '165 patent at least as early as July 14, 2020 when it received JCTC's July 14, 2020 communication. KMC was again notified of its infringement of the '165 patent by the filing of this Complaint.

64.     KMC has had knowledge of the '165 patent since at least July 14, 2020 when it received JCTC's July 14, 2020 communication.

65.     Upon information and belief, and on the facts alleged above in Paragraphs 21-23, it is reasonable to infer that KMC has had knowledge of the '165 patent since prior to JCTC's July 14, 2020 communication.  Alternatively, if



KMC asserts that it had no knowledge of the '165 patent prior to the filing of this Complaint and/or receipt of JCTC's July 14, 2020 communication, KMC may have been willfully blind to a competitor's patent rights.

66.    With knowledge of the '165 patent, KMC continues to infringe the '165 patent.

67.    It is reasonable to infer based on the facts set forth above in Paragraphs 21-23 above, that KMC's conduct has been willful, wanton and deliberate.  It is also reasonable to infer from these facts that KMC's actions have been objectively reckless.  The actions of KMC with regard to infringement of the '165 patent are willful such that JCTC is entitled to treble damages under 35 U.S.C. § 284.

68.    JCTC has suffered damages as a result of the infringing activities of KMC and will continue to suffer such damages as long as those infringing activities continue.

69.    JCTC has no adequate remedy at law.  Unless enjoined by this Court, KMC will continue such acts of infringement, causing JCTC to incur substantial and irreparable damage.

## XI.    COUNT V – INFRINGEMENT OF U.S. PATENT NO. 8,190,728

70.    JCTC repeats and re-alleges the allegations contained in Paragraphs 1-69 above as if fully set forth herein.



71.     JCTC is the assignee and owner of all right, title, and interest in the '728 patent and JCTC has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

72.     The '728 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

73.     Upon information and belief, KMC—and/or KMC's distributors or resellers—has made, used, offered for sale, imported and sold in the United States, and continues to make, use, offer for sale, and sell in the United States the KMC Commander software and associated Commander gateway devices.  *See*, *e.g.*, https://www.kmccontrols.com/solutions/kmc-commander/.    KMC's    activities infringe, induce others to infringe, and/or contributorily infringe at least claim 1 of the '728 patent.  These activities include providing the KMC Commander software and the associated Commander BX gateway devices to customers and instructing customers regarding their use.

74.     A claim chart comparing the claim elements of claim 1 of the '728 patent to KMC's Commander software and associated Commander gateway devices is attached as Exhibit M.

75.     KMC was notified of its infringement of the '728 patent at least as early as July 14, 2020 when it received JCTC's July 14, 2020 communication. KMC was again notified of its infringement of the '728 patent by the filing of this Complaint.

76.     KMC has had knowledge of the '728 patent since at least July 14, 2020 when it received JCTC's July 14, 2020 communication.



14

77.     Upon information and belief, and based on the facts alleged above in Paragraphs 21-23, it is reasonable to infer that KMC has had knowledge of the '728 patent since its prior to JCTC's July 14, 2020 communication.  Alternatively, if KMC asserts that it had no knowledge of the '728 patent prior to the filing of this Complaint and/or receipt of JCTC's July 14, 2020 communication, KMC was willfully blind to a competitor's patent rights.

78.     With knowledge of the '728 patent, KMC continues to infringe the '728 patent.

79.     It is reasonable to infer based on the facts set forth above in Paragraphs 21-23 above, that KMC's conduct has been willful, wanton and deliberate.  It is also reasonable to infer from these facts that KMC's actions have been objectively reckless.  The actions of KMC with regard to infringement of the '728 patent are willful such that JCTC is entitled to treble damages under 35 U.S.C. § 284.

80.     JCTC has suffered damages as a result of the infringing activities of KMC and will continue to suffer such damages as long as those infringing activities continue.

81.     JCTC has no adequate remedy at law.  Unless enjoined by this Court, KMC will continue such acts of infringement, causing JCTC to incur substantial and irreparable damage.



## XII.   COUNT VI – INFRINGEMENT OF U.S. DESIGN PATENT NO. D788,785

82.    JCTC repeats and re-alleges the allegations contained in Paragraphs 1-81 above as if fully set forth herein.

83.    JCTC is the assignee and owner of all right, title, and interest in the '785 patent and JCTC has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

84.    The '785 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

85.    Upon information and belief, KMC—and/or KMC's distributors or resellers—has made, used, offered for sale, imported and sold in the United States, and continues to make, use, offer for sale, and sell in the United States the KMC Commander automation platform.   KMC's activities infringe the '785 patent. These activities include providing the various software applications associated with the KMC Commander automation platform to customers.

86.    A claim chart comparing the claim elements of the claim of the '785 patent to KMC's Commander software and its associated interfaces is attached as Exhibit N.

87.    KMC was notified of its infringement of the '785 patent at least as early as July 14, 2020 when it received JCTC's July 14, 2020 communication. KMC was again notified of its infringement of the '785 patent by the filing of this Complaint.



16

88. KMC has had knowledge of the '785 patent since at least July 14, 2020 when it received JCTC's July 14, 2020 communication.

89. Upon information and belief, and based on the facts alleged above in Paragraphs 21-23, it is reasonable to infer that KMC has had knowledge of the '785 patent since prior to JCTC's July 14, 2020 communication. Alternatively, if KMC asserts that it had no knowledge of the '785 patent prior to the filing of this Complaint and/or receipt of JCTC's July 14, 2020 communication, KMC may have been willfully blind to a competitor's patent rights.

90. With knowledge of the '785 patent, KMC continues to infringe the '785 patent.

91. It is reasonable to infer based on the facts set forth above in Paragraphs 21-23 above, that KMC's conduct has been willful, wanton and deliberate. It is also reasonable to infer from these facts that KMC's actions have been objectively reckless. The actions of KMC with regard to infringement of the '785 patent are willful such that JCTC is entitled to treble damages under 35 U.S.C. § 284.

92. JCTC has suffered damages as a result of the infringing activities of KMC and will continue to suffer such damages as long as those infringing activities continue.

93. JCTC has no adequate remedy at law. Unless enjoined by this Court, KMC will continue such acts of infringement, causing JCTC to incur substantial and irreparable damage.



## XIII.  COUNT VII – INFRINGEMENT OF U.S. DESIGN PATENT NO. D924,888

94.     JCTC repeats and re-alleges the allegations contained in Paragraphs 1-93 above as if fully set forth herein.

95.     JCTC is the assignee and owner of all right, title, and interest in the '888 patent and JCTC has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

96.     The '888 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

97.     Upon information and belief, KMC—and/or KMC's distributors or resellers—has made, used, offered for sale, imported and sold in the United States, and continues to make, use, offer for sale, and sell in the United States the KMC Commander automation platform.   KMC's activities infringe the '888 patent. These activities include providing the various software applications associated with the KMC Commander automation platform to customers.

98.     A claim chart comparing the claim elements of the claim of the '888 patent to KMC's Commander software and its associated interfaces is attached as Exhibit O.

99.     KMC was notified of its infringement of the '888 patent by the filing of this Complaint.

100.   With knowledge of the '888 patent, KMC continues to infringe the '888 patent.



18

101.  It is reasonable to infer based on the facts set forth above in Paragraphs 21-23 above as well as KMC's knowledge of the related '785 patent, that KMC's conduct has been willful, wanton and deliberate.  It is also reasonable to infer from these facts that KMC's actions have been objectively reckless.  The actions of KMC with regard to infringement of the '888 patent are willful such that JCTC is entitled to treble damages under 35 U.S.C. § 284.

102.  JCTC has suffered damages as a result of the infringing activities of KMC and will continue to suffer such damages as long as those infringing activities continue.

103.  JCTC has no adequate remedy at law.  Unless enjoined by this Court, KMC will continue such acts of infringement, causing JCTC to incur substantial and irreparable damage.

## XIV.  COUNT VIII – INFRINGEMENT OF U.S. DESIGN PATENT NO. D924,890

104.  JCTC repeats and re-alleges the allegations contained in Paragraphs 1-103 above as if fully set forth herein.

105.  JCTC is the assignee and owner of all right, title, and interest in the '890 patent and JCTC has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

106.  The '890 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.



107.   Upon information and belief, KMC—and/or KMC's distributors or resellers—has made, used, offered for sale, imported and sold in the United States, and continues to make, use, offer for sale, and sell in the United States the KMC Commander automation platform.   KMC's activities infringe the '890 patent. These activities include providing the various software applications associated with the KMC Commander automation platform to customers.

108.   A claim chart comparing the claim elements of the claim of the '890 patent to KMC's Commander software and its associated interfaces is attached as Exhibit P.

109.   KMC was notified of its infringement of the '890 patent by the filing of this Complaint.

110.   With knowledge of the '890 patent, KMC continues to infringe the '890 patent.

111.   It is reasonable to infer based on the facts set forth above in Paragraphs 21-23 above as well as KMC's knowledge of the related '785 patent, that KMC's conduct has been willful, wanton and deliberate.  It is also reasonable to infer from these facts that KMC's actions have been objectively reckless.  The actions of KMC with regard to infringement of the '890 patent are willful such that JCTC is entitled to treble damages under 35 U.S.C. § 284.

112.   JCTC has suffered damages as a result of the infringing activities of KMC and will continue to suffer such damages as long as those infringing activities continue.



20

113.   JCTC has no adequate remedy at law.  Unless enjoined by this Court, KMC will continue such acts of infringement, causing JCTC to incur substantial and irreparable damage.

## XV.   DEMAND FOR RELIEF

In accordance with the foregoing, JCTC respectfully requests the following relief:

A.     A judgment that KMC has infringed claims of the '332, '029, '013, '165, '728, '785, '888, and '890 patents in violation of 35 U.S.C. § 271(a);

B.     A judgment that KMC has indirectly infringed claims of the '332, '029, '013, '165, and '728 patents in violation of 35 U.S.C. § 271(b) & (c);

C.     A judgment permanently enjoining KMC, its parents, subsidiaries, affiliates, divisions, officers, agents, servants, employees, directors, partners, representatives, all individuals and entities in active concert and/or participation with it, and all individuals and/or entities within its control from engaging in patent infringement of the '332, '029, '013, '165, '728, '785, '888, and '890 patents.

D.     Ordering KMC to account and pay damages, together with prejudgment interest and costs, and increasing those damages to three times the amount found or assessed as provided by 35 U.S.C. § 284;

E.     Ordering KMC to account for its profits for infringement of the '785 patent, the '888 patent, and the '890 patent as provided by 35 U.S.C. § 289;



F.      Declaring this an exceptional case within the meaning of 35 U.S.C. § 285, and awarding JCTC its reasonable attorney's fees and costs and disbursements in this action; and

G.      Granting to JCTC such other and further relief as this Court deems reasonable.

## XVI.  DEMAND FOR JURY TRIAL

JCTC respectfully demands a trial by jury of any and all issues so triable.

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

Dated:  July 13, 2021

 /s/ Marc Lorelli
Marc Lorelli
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Tel.  (248) 358-4400/ Fax:  (248) 358-3351
Email: mlorelli@brookskushman.com
        fangileri@brookskushman.com

*Attorneys for Plaintiff*

